Bobby White #K11549
Name and Prisoner/Booking Number

SVSP
Place of Confinement

31625 Hwy 101
Mailing Address

Soledad, CA 93960
City, State, Zip Code

RECEIVED
DEC 23 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

FILED
DEC 23 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Bobby C. White                                     )
(Full Name of Plaintiff)        Plaintiff,          )
                                                    )
v.                                                  )   CASE NO. 1:19CV01786 GSA(PC)
                                                    )   (To be supplied by the Clerk)
(1) Christian Pfeiffer (Warden),                    )
(Full Name of Defendant)                            )
(2) Badger (SGT.)                                   )
                                                    )   **CIVIL RIGHTS COMPLAINT**
(3) Connie Gibson                                   )   **BY A PRISONER**
                                                    )
(4) JOHN-DOE 1-9                                    )
                            Defendant(s).           )   ☒ Original Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ First Amended Complaint
                                                    )   ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: KERN VALLEY STATE PRISON, Delano, CA

Revised 3/15/2016                                1

## B. DEFENDANTS

1. Name of first Defendant: CHRISTIAN PFEIFFER. The first Defendant is employed as: WARDEN -KVSP at KVSP
   (Position and Title)                                    (Institution)

2. Name of second Defendant: BADGER. The second Defendant is employed as: Correctional SGT. FACILITY C-EOP at KVSP
   (Position and Title)                                    (Institution)

3. Name of third Defendant: CONNIE GIBSON. The third Defendant is employed as: Director of Adult operations - CDCR at ALL STATE PRISON,
   (Position and Title)                                    (Institution)

4. Name of fourth Defendant: JOHN DOE, The fourth Defendant is employed as: Correctional officers & STAFF at KVSP
   (Position and Title)                                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☒ Yes    ☐ No

2. If yes, how many lawsuits have you filed? __2__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: Bobby White v. NYGUEN
      2. Court and case number: 1:10-CV-01466
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Dismissed (no appeal)

   b. Second prior lawsuit:
      1. Parties: Bobby white v. K O'conner
      2. Court and case number: 2:16 CV-02675
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Dismissed (no appeal)

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: 8th Amendment – Failure to Protect ( ALL Defendants )

2. Claim I. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☒ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☐ Retaliation

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   ✷ Please ATTAched MEMORANDUM Insupport ✷

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   Stabbed.

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

CLAIM II

1.   State the constitutional or other federal civil right that was violated: 1st Amendment :
Retaliation

2.   Claim II. Identify the issue involved. Check only one. State additional issues in separate claims.
☐ Basic necessities          ☐ Mail               ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion     ☒ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   Supporting Facts. State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

* Please see Attached MEMORANDUM In support *

4.   Injury. State how you were injured by the actions or inactions of the Defendant(s).
*Please see attached Memorandum *

5.   Administrative Remedies.
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☒ Yes  ☐ No
b.   Did you submit a request for administrative relief on Claim II?               ☒ Yes  ☐ No
c.   Did you appeal your request for relief on Claim II to the highest level?      ☐ Yes  ☒ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Staff threaten plaintiff if he attempted to Get 602 praés

* Please see Attached MEMORANDUM In support *

4

**CLAIM III**   N/A

1. State the constitutional or other federal civil right that was violated: _____

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   _____
   _____
   _____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Claim III?   ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?   ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

(1) nominal compensation

(2) Compensations/damages from Each def. in amant $ 500,000⁰⁰

(3) Punitive Damages $ 1,000,000⁰⁰

(4) Pain & suffering $ 4,000,000⁰⁰

(5) Cost incurred, court cost, attorney fee

(6) Demand for Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ 12.4.19 _____
DATE

_____
SIGNATURE OF PLAINTIFF

_____ I.P.P. _____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

Bobby C. White #K11549
3162567307001
Soledad, CA, 93960

In The United States District Court
For The Eastern District of California

| Bobby C. White | case no. |
| Plaintiff | |
| | MEMORANDUM Attachment |
| vs. | TO |
| Christian Pfeiffer (warden) | Civil Rights Complaint |
| Connie Gibson (CDCR Adult operation | |
| Sgt. Badger (Facility C-EOP) | ( § 1983 ) |
| John Doe 1 to 9 | |
| Defendants | |

## I

1. This Court has Full and Complete jurisdiction over this action as the Constitutional violations happen at Kern Valley State Prison, Delano, CA, 93216.

## II Plaintiff

2. Plaintiff Bobby White, is and was a Indigent Prisoner of CDCR and Part of the LGBT population at Delano Prison. and a EOP patient.

# III DEFENdants

3. All Defendants are sued in both their official and Individual capacities.

4. At all times all defendants where under color of Law, Carrying out CDCR's Fiduciary duties and responsibilities For the Safety and Security of their wards.

5. Defendant Christian PFEIFFER, is the Chief warden (A) at KERN valley State Prison, Delano and has Policy making Power to implement programs, and mental health care render to docs under his care.

6. Defendant Connie Gibson, is the CDCR Adult Prison Operations officer, that approves and oversees that CDCR Fiduciary duties and responsibilities, and that ALL state and Federal Laws are complied with, and Supervises all wardens

7. Defendant SGT. BADGER, is a correctional SGT. in FACility C-Eop program, responsible for the Safety of all EOP inmates and is responsible to carry out CDCR Fiduciary Duties and Responsibilities and Supervises all correctional officer that work in and for CDCR-EOP program and Housing Buildings.

MEMO. ATTACH. to § 1983

analysis

B.

Defendants John Doe's 1 to 9, even though Plaintiff is not able to name the correctional officers by name, or the Facility C-EOP Psychologist Supervisor, as CDCR refuse to assist Plaintiff in Identifying this Employees and refused to provide Plaintiff with the incident reports. The Plaintiff will Identify as best of possible each John Doe, by recollection as follows;

John Doe #1 : Facility C- Captain, responsible For the Day to Day Safety and Security of Facility C inmate and EOP/ LGBT population, also responsible For Carrying out CDCR Fiduciary Duties.

John Doe #2 #3: Facility C- Building 7, Floor Correctional officers responsible to maintain the Safety and Security of the inmates in their Building and maintain Safety and Security in the EOP- Section. Responsible of Carrying CDCR Fiduciary Duty.

John Doe #4: Facility C- Building 7, Control Tower Officer, responsible of opening inmates doors and Identifying which inmates cannot be out at the same time of Special Classified inmates, Responsible For Safety and Security and to carry out CDCR Fiduciary duties.

JOHN DOE #5: FACILITY C I&E Escorting officer that responded to the CODE, that knowing that plaintiff was the Stabbing Victim, pepper sprayed Plaintiff even though Plaintiff was prone down on the floor. This officer is also responsible for carrying out CDCR Fiduciary duties.

JOHN DOE #6: FACILITY C-EOP Program Psychologist Supervisor, responsible that EOP Protocol and approved Federal receivers orders are complied with. This Supervisor was aware of EOP's safety being put in danger by custody staff by not reporting the mix housing of inmates patient with non-inmate-patients. Is also responsible in carrying out CDCR Fiduciary care and Federal mandated Protocol orders.

JOHN DOE #7: FACILITY C-Correctional Lieutenant, that threaten Plaintiff for filing a 602 and retaliated taking property and of further body harm, Already been stabbed, fear to file 602 complaint.

JOHN DOE #8-9: KVSP Institutional Classification Chair Person and Correctional Counselor II, that release this documented STG-II violent inmates into the EOP Section. This Correctional staff officer had responsibility for the safety and security and fiduciary duties imposed to CDCR by State & Federal Law.

MEMO. ATTACH. TO §1983

## IV  FACTS & CLAIMS:

**9.** **CLAIM ONE:** Violation of STATE & Federal Constitution 8th Amendment Failure to Protect; (ALL DEFENDANTS)

**10.** On or about October 12, 2018, when releasing For Medications in C-Section (EOP section) of Housing Bldg #7, the floor officer-YELLED at the Control Tower officer to Just release everyone For Medication. AT which Time, I exited my cell to get in line for MEDS, When Two inmates (cellmates) come out of their cell and STarted Yelling "Two Five (25)"-'Duce-Five", and even though staff heard this did nothing to be alert even though knowing that: (1) those two inmates where not EOP: (2) Where part of A Violent CDCR STG-II Prison Gang well known and documented by CDCR official's, Then the two inmates yeled again "Two-Five" and approch plaintiff and pull out a stabbing weapon.

**11.** The two STG-II inmates starting chasing plaintiff around the Section, while staff stood arounding enjoying the assault. The Plaintiff then was assaulted and stabbed, then and only then did floor staff and Control Tower hit the alarm and responded.

**12.** Even though staff observed and witness the assault and stabbing, and was already prone-down (The Plaintiff) a Escorting responding officer, Pepper Spray the plaintiff.

MEMO. ATTACH. TO §1983

13.   Defendants (Big 7 officer and Escorting officer ) Laugh and where clowning plaintiff for running, telling plaintiff that He should had fought the "two-Fivees" so they could bet on the fight.

14.  The plaintiff was transported to "KERN MEDICAL", due to STAB wound — Left parspinal thoracic region.

15.  The plaintiff was return to Building 7, and he had to suffer continual clowning by the Defendants.

16.  THE Plaintiff exhausted all Administrative Remedies at the 3rd Level as to "Failure to protect. TLR no. 181674 602 Logno, KVSP-18-03203.

17.  THE Defendants failed to protect the plaintiff, when they knew and it was common knowledge, documented Fact, that STG-II Prison gangs, specially "Two-Five" memembers, are violent and assault and stab LGBT inmates and EOP inmates.

18.  It was Defendants Written and under-ground policy to house STG-II inmates and STG-I inmates Two-Fivers in the Lower Yard Buildings 1 and 4 and in Facility "D", where EOP inmates where not allowed to be housed at, and LGBT inmates where prevented from being house there due to the victimizations.

6  of 15                    MEMo. ATTACH to 1983

19. IT is Defendants & CDCR STATEWIDE policy of not housing EOP inmates with non-EOP inmates, it also STATEWIDE Policy not to house Violent known STG-II Prison gang members with EOP or DDP inmates.

20. It is Defendants & CDCR STATEWIDE policy to house LGBT inmate population in especific Prisons and yards, in attempts to minimize assaults and Rapes and victimization.

21. Defendants deliberately and knowing that the two inmates where STG-II document "Two-Fiver" and had a history of violence and history of attacking LGBT, EOP, inmates, YEt disregarded this danger and "Played the Blind-Eye" and knowingly release this individuall on October 11, 2018 and allowed them to be house among EOP [and] LGBT.

22. This assault and stabbing could have and should have been prevented, had Defendants fallow Protocol and since they where fully aware of this inmates violence and Documented Prison gang affiliation, elected to disregard it and place other inmates life and safety in Danger. This act lead to Plaintiff being stab.

23  <u>CLAIM TWO</u>: VIOLATION OF STATE & FEDERAL CONSTITUTION;
Defendants VIOLATED PLAINTIFF 1st Amendment
RIGHT to be FREE FROM Retaliation;

24. AFTER filing 602 Log no. KVSP-18-03203 and doing a VIDEO
taped Interview for Failure to Protect (STAFF complaint
and REQUesting the name' and Badge number' of all
STAFF involved', the Defendant' JOHN DOE 1 to 7, STARTED
retaliating against plaintiff, Plaintiff property. The plaintiff
was threaten that if continue to attempt filing 602'
against STAFF or his missing property, that they would place
plaintiff in the Lower Yard, while the 25 (TWO FIVER')
from Building 4 where at yard, and that they would tell
the Two-Fiver', that I was ratting the two inmate'
that stab me.

25. KVSP is known to the CDCR inmate population, of
officer' paying Prison gang', of setting or encouringing
fight' and assault' for the officer' entertainment or to
teach a inmate a lesson for either 602 them or for
Participating on a investigation relating to officer'.

26. PLAINTIFF having personal knowledge of the on-going
STAFF assaulting inmates by using STG-II Prison Gang
member'. Being ask before by officer' to assault another

LGBT inmate that they (Officers) felt disrespected them.

27. When finally a threat was made directly by A Correctional Lieutenant, in front of the other Defendants, the plaintiff believe that they would carry their threat of getting Plaintiff assaulted or stab again, they plaintiff did not file a 602 for retaliation, as he had just been stab the reality of getting Stab again silence him.

28. Not only did plaintiff Loss $1,090.00 in personal property retaliation. But the Clowning of the officers and the threats made if Plaintiff complain, was ~~terri~~ terrifying to plaintiff.

29. THE Plaintiff reported some of his fears to his clinician and to the EOP Supervisor and Plaintiff was told that they dont get involved in Custody issues.

V

PLAINTIFF VERIFICATION OF COMPLAINT

30. I, Bobby WHITE, the plaintiff herein verify that the herein stated in this complaint is true and correct to bg+ of his recollection and personal knowledge. The PLAINTIFF make's this verification under Penalty of Perjury Laws of the

MEMO. ATTACH. TO 1983

STATE of California. The plaintiff verifies that while at KVSP after the stabbing, that he truely fear for his safety and life due to the threats of defendants that prevented him from filing any further complaints (602)

I, Bobby White, plaintiff verify, and execute this verification this _12_, _4_, 2019, at Soledad, California

\*   _____   DATE: 12-4-19

Booby White, IPP.

# VI - REQUEST FOR RELIEF:

31. Nominal Compensation

32. Compensation/damages from each defendants in the sum of $500,000.

33. Punitive damages in the amount of $1,000,000.00

34. Pain & suffering, Emotional & physical pain in the amount $400,000.00

35. All incurred cost, court cost associated with this suit, and attorney fees

36. Demand for a jury trial

# VII   MEMORANDUM of POints and Authority:

37.    THE plaintiff actually suffered a assult and a STAb-wound, due to Defendants failure to protect. ( FARMER v. Brennan, 511 U.S. 825).

   NOT only where Defendants JOHN-ODE 1 to 7, alerted that the two inmate "Two-Fiver" where in a assultive stand, when they come out of their cell, yelling "Two-five" and Defendant did nothing to control this inmates, when they showed aggression, they allowed this inmates to chase and stab plaintiff before taking action. (Hobbs v. Lockhart, 46 F.3d 864, (8th cir. 1995).

   The defendants deliberate indifference to plaintiff safety or other EOP inmates Safety, is sadly a common practice by CDCR and its employees. The defendant simply didn't care to prevent harm to mea (EOP-LGBT) by STG-II inmates.

   The plaintiff falls into two different class of prison cases: (1) EOP inmate: (2) LGBT inmate. The defendants have testified in different STATE COURTS of STG-II prison Gang violence, practices and policy of this gang members towards specific targetted inmates -here EOP's or LGBT's. For this reason CDCR and the Coleman Case federal Receiver have a policy of not housing EOP inmates with STG-II gang members.

   Here defendants knew of this individuals violent behaviors and Status as "Two-fiver" gang members, as the day before Institution Classification committee had review their Prison files.

(DOE V. BOWLES, 254 F.3d 617 (6th cir. 2001) ; (ODOM V. South Caroling
Dept. of Corrections, 349 F.3d 765, (4th cir. 2003).

THE Defendants are fully aware that STG-II Prison gang
members, view EOP inmates as WEAK, not conferming to Prison
Rules (Politics) and LGBT's inmates are view as a disgrace
to Prison gang life. The Defendants have been aware and there
policy has been not to house EOP inmates with STG-II inmates.
CDCR, house STG-II members in separate Buildings or yards
and Defendants Know of the substantial RISK of serious harm
to EOP inmates, LGBT inmates at the hand of the Prison gangs
STG-II, Specially Two-Fivers', Defendants had knowledge of a
Long-standing, pervasive and well-documented Risk', and yet
deliberately disregarded those RISK' and this deliberate
indifference cause plaintiff assault and stab.
(GREENE V. BOWLES, 361 F.3d 290 (6th cir 2004) ) ; REDMAN V.
County of San Diego, 942 F.2d 1435 (9th cir. 1991) (en banc) ).

TO Add to injury, the Defendants pepper-sprayed the
Plaintiff while he was prone down with a stab wound.
( IKO V. SHREVE, 535 F.3d 225 (4th cir. 2008).

Several courts have found that inmates with mental health
problems must be house separetly from non-mental health
needs inmates or separately from known violent or Predatory
inmates or known gang members. CDCR & Defendants have
adopted this practice for years as they have full knowledge
of the dangerous of housing EOP inmates with regular
general population. (Morales-Feliciano V. Rossello Gonzalez

MEMO ATTACH TO 1983

13 F. Supp. 2d 151 (D.P.R 1998); DEMALLORY V. CULLEN, 855 F. 2d 442 (7th cir. 1988)

38. THE PLAINTIFF file a 602 for Failure to protect and for the malicious Pepper-Spraying. The plaintiff did a VIDEO TAPE interview alleging his claims. After doing this, staff (Defendants) started to retaliate in different ways, and by taking more the $1,090.00 of plaintiff personal property. Defendants Clown the plaintiff for running from the assault. Defendants would call plaintiff a Snitch for filing the 602.

Defendants made several threats against plaintiff safety and to cause him physical harm. The Defendants threaten plaintiff to put him in the Lower yard, when Building 4 STG-II TWO fivers where having yard and informed them that plaintiff had gave up information on the two-fiver that stab him. Even though plaintiff never provided any information, by officers Saying that would put plaintiff Life & Safety at great risk. When the LT (JOHN DOE) threaten plaintiff infront of the other defendants, of getting STG-s to assault or stab plaintiff if he continue to file any staff complaint and if he continue to get the officer identified by name or Badge.

Because the plaintiff was still recoveeing from his stab wound and Defendants failing to protect him. The fear become So real, that Plaintiff believe defendants would carry out there threats and this reality prevented plaintiff from filing any other 602' against involved staff or staff

MEMO ATTACH. TO 1983

PERIOD. THE Chilling Effect, is retaliation under the 1st Amendment (Gomez v. Vernon, 225 F.3d 1118 (9th cir. 2001)

THE FEAR of the Defendants carrying out their threat, and the reality of being assaulted or stab again, this fear, Justified Plaintiff failure to comply with Administrative procedures requirement (Giano v. Goord, 2004 U.S. App. Lexis 17235 no. 02-0105 ___ F.3 ___ (2d.cir. 2004) citing BERRY v. KEPIK, 366 F.3d 85 (2d cir. 2004).

THE fear impose on plaintiff by defendants threats made any available remedies of 602 unavailable

" THE POWER of a threat Lies not in any Negative actions eventually taken, but in the apprehension it creates in the recipient of the threat." The plaintiff is verifying this complaint, as has argue A "genuine Issue of material fact" that exists as to Defendants threats and intimidation, was the cause of Plaintiff failure to comply and in such, the failure should be excuse. (Okwedy v. molinari, 333 F.3d 339 (2d cir. 2003) (PER CURIAM) (internal marks omitted); Hines v. Gomez, 108 F.3d 265 (9th cir. 1997) (citing: Sandin v. Conner, 515 U.S. 472, Fn 11 (1995)

39. THE Plaintiff has verified this complaint and has comply with the Requirement of giving a statement notice of his claims against defendants.

THE Plaintiff signs and verifies this complaint, under penalty of perjury of the laws of California, as being true

and correct to best of his knowledge and recollection.

The plaintiff executes this verified complaint this
12 , 4 , 2019, at Soledad, CALiforNia.

Respectfully submitted

DATE: 12.4.19

Bobby WhiTE, IPP

MEMO. ATTACH. TO 1983

15 of 15

Exhibit

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## THIRD LEVEL APPEAL DECISION

Date:  MAY 1 4 2019

In re:    Bobby White, K11549
          Salinas Valley State Prison
          P.O. Box 1020
          Soledad, CA 93960-1020

          TLR Case No.: 1816724          Local Log No.: KVSP-18-03203

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner T. Lee, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:**    It is the appellant's position that on October 12, 2018, Kern Valley State Prison (KVSP) failed to protect the appellant. Specifically, the appellant was attacked by two inmates, with a weapon and pepper sprayed by staff. The appellant contends the two inmates were moved to that yard the day prior and as they chased the appellant, they yelled "'two-five'" or "'duce-five'" which is deemed a Security Threat Group (STG). The appellant asserts that it is common knowledge that these inmates were to be housed on the "lower yard." The appellant requests for the matter to be investigated; for the policy of housing STG inmates with non-STG inmates to be changed; and to be compensated.

**II   SECOND LEVEL'S DECISION:**   The Second Level of Review (SLR) identified and addressed the appellant's allegations of staff misconduct. The reviewer documented that an appropriate supervisory staff member was assigned to conduct an inquiry into this matter. The inquiry included a review of the evidence and an evaluation of any interview conducted. In order to determine the facts, the inquiry also included a review of pertinent documents, current policies, laws, and procedures. The SLR noted that all staff personnel matters are confidential in nature, and that the appellant would only be notified whether the actions of staff were or were not in compliance with policy. The SLR found that the staff did not violate policy as alleged. The SLR partially granted the appeal in that an inquiry was conducted.

**III   THIRD LEVEL DECISION:**   Appeal is denied.

**A.   FINDINGS:**   Upon review of the documentation submitted, the Third Level of Review (TLR) finds that the appellant's allegations were appropriately reviewed and evaluated by administrative staff. The TLR notes that all staff personnel matters are confidential in nature and will not be disclosed to other staff, the inmate population, the general public, or the appellant. The appellant was informed that if the conduct of staff was determined to not be in compliance with policy, the institution would take the appropriate course of action. In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry to the appellant. The TLR reviewed the confidential inquiry and concurs with the determination of the SLR. The TLR notes that, while the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or requests for monetary compensation are beyond the scope of the appeals process. The TLR finds the institution's response complies with departmental policy, and the appellant's staff complaint allegations were properly addressed. Therefore, no further relief shall be afforded at the TLR.

**B.   BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3000, 3001, 3004, 3084.1, 3270, 3380, 3391

**C.   ORDER:**   No changes or modifications are required by the Institution.

BOBBY WHITE, K11549
CASE NO. 1816724
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.


T. LEE, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:     Warden, SVSP
        Appeals Coordinator, SVSP
        Appeals Coordinator, KVSP

State of California

Attachment E-1<br>Department of Corrections and Rehabilitation

# Memorandum

Date    :   November 15, 2018

To      :   WHITE, K11549
            FDB4-209U
            Salinas Valley State Prison

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # KVSP-O-18-03203
            SECOND LEVEL RESPONSE**

APPEAL ISSUE:  You allege that on October 12, 2018, you were exposed to OC Pepper Spray. Specifically, you allege you were pepper sprayed while being stabbed by two (2) inmates who identified as Two-Five (2-5) Security Threat Group-II (STG-II) members.  You further allege that all STG members are supposed to be assigned to the "lower yard", but this "policy wasn't followed."

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response.  You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint.  If you are unable to name all involved staff you may request assistance in establishing their identity.

DETERMINATION OF ISSUE: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is:

➢ **Being processed as an Appeal Inquiry.**

You were interviewed telephonically on November 13, 2018, by J. Custer, Correctional Lieutenant and you stated you had nothing further to add to your submitted CDCR 602 Inmate/Parolee Appeal.

**Your appeal is PARTIALLY GRANTED in that:**

---

The **Appeal inquiry** is complete/ has been reviewed and all issues were adequately addressed.

The following witness(es) were questioned: None.

The following information was reviewed as a result of your allegations of staff misconduct: CDCR 602 Inmate/Parolee Appeal, CDCR 837-C Crime/Incident reports, Medical Report of Injury or Unusual Occurrence (CDCR 7219), videotaped interview, Inmate Interview for Allegation Worksheet (CDCR 3013-2), Report of Findings-Inmate Interview (CDCR 3014), California Code or Regulations (CCR), Title 15, Section 3378.1 Security Threat Group Certification Process.

Staff: *did* ☐ *did not* ☒ violate CDCR policy with respect to one or more of the issues appealed.

---

WHITE, K11549                                                Attachment E-1
KVSP-O-18-03203
Page 2 of 2

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

•    As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.

•    Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.  A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.

•    Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review.  Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: _J. Custe_____  Sign: _____  Date: _11·15·18_
           Interviewer
Print: _R. Godwin____  Sign: _____  Date: _11/21/18_
       Reviewing Authority

Appeal Log No: _____KVSP-O-18-03203_____

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858  (Rev. 10/06)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer]  **FOR ANY IMPROPER POLICE**  [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.  CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| WHITE | | 11-13-18 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| WHITE | | K-11549 | 11-13-18 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| J. Custer | | 11-13-18 | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____
_____
_____
_____

Inmate/Parolee Signature: _____   Date Submitted : _____

**E. Second Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review                              *Due to Appeals 11/20/18*

Assigned to: *AW/Complex II*   Title: _____   Date Assigned: *10/29/18*   Date Due: *12/10/18*

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: *11·13·18*                    Interview Location: *Telephonic*

Your appeal issue is: ☐ Granted  ☑ Granted in Part  ☐ Denied  ☑ Other: *Granted-inquiry conducted Denied-All other aspects*

Interviewer: *T. Custer*   Title: *Lt*   Signature: _____   Date completed: *11·15·18*
              (Print Name)
Reviewer: *T. Godwin*   Title: *CDW(A)*   Signature: _____
          (Print Name)
Date received by AC: *11/26/18*

AC Use Only
Date mailed/delivered to appellant *11/26/18*

**F. If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_____
_____
_____
_____

Inmate/Parolee Signature: _____   Date Submitted: _____

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
   See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant ____ / ____ / ____

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____

Inmate/Parolee Signature: _____   Date: _____
Print Staff Name: _____ Title: _____ Signature: _____ Date: _____

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*Monday, October 29, 2018*

*WHITE, K11549*
*C  007 2226001L*

STAFF COMPLAINTS, Failure to Act, 10/24/2018
Log Number: KVSP-O-18-03203
**(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is
subject to cancellation for failure to correct noted deficiencies.</u>)**

The enclosed documents are being returned to you for the following reasons:

*AO  Other*

*This appeal has been accepted as a Staff Complaint.  As a reminder, Staff complaints shall not
be combined with other appeal issues.  If you have included other appeal issues within this
Staff Complaint, you must re-submit those appeal issues on a separate CDCR 602; they will
not be addressed in the Staff Complaint Response.   Examples of other appeal issues may
include but are not limited to:  RVR, property, mail, classification, job assignment, ADA, etc.*

☐  A. Lucas
☑  C. Gonzales
Appeals Coordinator
KVSP

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a
separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if
the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                                    EDMUND G. BROWN JR., GOVERNOR

**OFFICE OF APPEALS**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



January 25, 2019

**MAILED**
FEB 2 1 2019

WHITE, BOBBY, K11549
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020

RE: TLR# 1816724    KVSP-18-03203    STAFF COMPLAINTS

The Office of Appeals, California Department of Corrections and Rehabilitation (CDCR) acts as the third level of review as established in California Code of Regulations (CCR) Title 15, Article 8.  The Office of Appeals examines and responds to inmate and parolee appeals, after the institution or parole region has responded at the Second Level of Appeal.

Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(13).  The appeal is incomplete.  Your appeal is being returned for the following reason(s):

* Signature and original date submitted is required on form requesting a Third Level Review - Section F

M. VOONG, Chief
Office of Appeals

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.

**\*\*\*\*PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE\*\*\*\***

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)'

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side I

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 1816724 | | 18-03203 | 7 |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| WHITE  BOBBY | K-11549 | C-7-226 | 2/W PORTER |

**A.  Continuation of CDCR 602, Section A only (Explain your issue):** Officer.. The two inmate's had just been moved into the building the day before (10-11-18) The first time both inmates were released from their cell. They attack me.. Both inmate's were say "Two-five" or "Duce five" as they chased me with home made/manufacture stabbing weapons.. It is common knowledge That "Two-five" which is deemed a security threat group (STG) by the warden, administration and cdcr in general, were to be housed on the "lower yard" building (4) But because this policy wasnt followed I was attacked assaulted and stabbed.. so my eighth amendment right was violated due to failure to adhere to policy.. or due to KVSP wardens attempt to implement new policy.

OCT 24 2018

REC BY OOA'

DEC 10 2018

Inmate/Parolee Signature: _____        Date Submitted: 10-22-18

**B.  Continuation of CDCR 602, Section B only (Action requested):** Their policy which resulted in my being stabbed & pepper sprayed.. I would like monetary damages for said assault/stabbing and being pepper sprayed.

REC BY OOA

MAR 04 2019

Inmate/Parolee Signature: _____        Date Submitted: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR-0602 (REV. 03/12)

Side 1

1816724

K11549

ONLY | Institution/Parole Region: | Log #: | Category:
WSP-O – 18 – 03203 | | (7)

*FOR STAFF USE ONLY*

You may appeal ...... and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations (CCR), Title 15, Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal.  If additional space is needed, *only* one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**   **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

Name (Last, First): WHITE    BOBBY | CDC Number: K. 11549 | Unit/Cell Number: C.7.226 | Assignment: 2/W PORTER

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
Failure To protect from assault.

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): On (10.12.18) at
Kern Valley State Prison (KVSP) facility (C) building
(7) section (C). I was assaulted (stabbed) by
Two inmates, and pepper sprayed by a correctional

B. Action requested (If you need more space, use Section B of the CDCR 602-A): I would like
This attack investigated. The policy of housing srg
inmates with those not envolved changed.
I would like CDCR to take responsibility for

OCT 24 2018

R13
SKANT
DATE
SECF
ACTF

FOR STAFF USE ONLY

**Supporting Documents:** Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

REC BY OOA

REC BY OOA
DEC 10 2018

☑ No, I have not attached any supporting documents. Reason: _____
DON'T HAVE ANY

MAR 04 2019

10/p9/18 Referred for
S/c determination.

Inmate/Parolee Signature: _____    Date Submitted: 10-22-18

☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**    Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☑ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder:  Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____ Interview Location: _____
Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
See attached letter.  If dissatisfied with First Level response, complete Section D.
Interviewer: _____ (Print Name)  Title: _____ Signature: _____ Date completed: _____
Reviewer: _____ (Print Name)  Title: _____ Signature: _____
Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ____ / ____ / ____

Case 1:19-cv-01786-JLT-GSA   Document 1   Filed 12/23/19   Page 33 of 33

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR-602-A.

_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____    Date Submitted : _____

**E. Second Level - Staff Use Only**   Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)                                                    *Due to Appeals* 11/20/18
☑ Accepted at the Second Level of Review   *II*

Assigned to: *AW Complex*   Title: _____   Date Assigned: *10/29/18*   Date Due: *12/10/18*

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: *11-13-18*   Interview Location: *Telephonic*

Your appeal issue is:  ☐ Granted   ☑ Granted in Part   ☐ Denied   ☑ Other: *Granted - Inquiry conducted*
                                                                    *Denied - All other aspects*
See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: *J. Custer*   Title: *Lt*   Signature: _____   Date completed : *11-15-18*
              (Print Name)

Reviewer: *T. Godwin*   Title: *CDW(A)*   Signature: _____
           (Print Name)

Date received by AC: *11/26/18*

| AC Use Only |
| Date mailed/delivered to appellant *11/26/18* |

**F.  If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR-602-A.

*DISSATISFIED DUE TO KNOWN STG INMATES WERE PLACED IN A BUILDING FROM Ad-SEG*
*THAT DOESN'T HOUSE NO STG INMATES. FURTHERMORE MY LIFE WAS IN IMMEDIATE DANGER DUE TO*
*ME BEING A E.O.P INMATE WHO NEVER SHOULD HAVE BEEN HOUSED IN A BUILDING ON*
*C-YARD BUILDING 7 WHERE THE BUILDING WAS DEEMED CLOSED AND NO longer*
*HOUSING E.O.P. INMATES AS OF OCTOBER 1, 2018.*

Inmate/Parolee Signature: _____   Date Submitted *12-4-18*

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: *JAN 25 2019*  Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☑ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted   ☐ Granted in Part   ☑ Denied   ☐ Other: _____
     See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant *MAY 16 2019* |

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____

Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____