UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY WHITE,<br><br>            Plaintiff,<br><br>       v.<br><br>PFEIFFER, et al.,<br><br>            Defendants. | **1:19-cv-01786-JLT-GSA (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO REOPEN CASE BE DENIED**<br><br>**(ECF No. 28.)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Bobby White ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On December 23, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On November 17, 2021, the Court dismissed this case based on Plaintiff's failure to comply with a court order. (ECF No. 23.) Judgment was entered on November 17, 2021. (ECF No. 24.)

On May 2, 2022, Plaintiff filed a motion to reopen this case. (ECF No. 28.) The motion is unopposed.

1

## II. MOTION TO REOPEN CASE

### A. Rule 60(b)

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made "within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c)(1); see Hogan v. Robinson, 2009 WL 1085478, at *4 (E.D. Cal. Apr. 22, 2009 (Rule 60(b)(6) motion "filed over 18 months after judgment was entered, and over two years after Plaintiffs were put on notice of the facts and circumstances upon which they rely[ ]" was untimely); Swait v. Evans, 2008 WL 4330291, at *5– 6 (C.D. Cal. Sept. 22, 2008) (Rule 60(b) motions untimely where petitioner "failed to proffer any legally valid explanation for his two-year delay" in filing).

### B. Rule 59(e) – Motion to Alter or Amend a Judgment

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e).

## III. PLAINTIFF'S MOTION

Plaintiff requests the Court to reopen his case. He argues that the Court dismissed this case in error and/or abuse of authority. He asserts that the reason the case was dismissed does not fit

with his record and states that "[w]hen a District Judge was assigned to this case, Dismissal Orders were immediately put in place to dispose of this case of merit." (ECF No. 28 at 1.)

**Discussion**

The Court finds Plaintiff's arguments unpersuasive. The Court's record shows that this case was dismissed after allowing Plaintiff multiple opportunities to avoid dismissal, but Plaintiff failed to comply with the Court's orders.

Plaintiff's case was dismissed and judgment was entered on November 17, 2021, because Plaintiff failed to comply with the Court's February 25, 2021 order dismissing his case with leave to file an amended complaint. Plaintiff requested and was granted extensions of time to file his amended complaint on March 10, 2021 and April 29, 2021. (ECF Nos. 12, 15, 17, 18.) On August 27, 2021, the court issued findings and recommendations, recommending that this case be dismissed for failure to comply with the Court's order. (ECF No. 19.) On September 16, 2021, Plaintiff was granted a 30-day extension of time to file objections to the findings and recommendations. (ECF No. 21.) The thirty-day deadline expired, and Plaintiff failed to file objections or any other response to the findings and recommendations. (Court Record.) On November 17, 2021, the District Judge adopted the findings and recommendations and dismissed this case. (ECF No. 23.)

Plaintiff fails to meet any of the requirements for granting a motion to reopen his case under Rule 60(b). He has not shown "mistake, inadvertence, surprise, or excusable neglect." He has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Plaintiff has not presented any reason justifying relief from judgment. Plaintiff's argument that the Court dismissed this case "in error and/or abuse of authority" is without merit. Accordingly, the undersigned shall recommend that Plaintiff's motion to reopen this case be denied.

**III.    CONCLUSION AND RECOMMENDATIONS**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to reopen this case, filed on May 2, 2022, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 22, 2022**                         /s/ Gary S. Austin
                                                       UNITED STATES MAGISTRATE JUDGE